**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOUTHERN REALTY TRUST HOLDINGS LLC, SUNRISE REALTY TRUST HOLDINGS I LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERTO CASTRO CONTRERAS,<br><br>Defendant. | Civil Action No. 1:26-cv-04240-RA |

**ROBERTO CASTRO CONTRERAS'S ANSWER AND COUNTERCLAIMS**

Defendant Roberto Castro Contreras ("Contreras"), by and through his undersigned counsel, answers the Complaint (ECF No. 13) filed by Plaintiffs Southern Realty Trust Holdings LLC and Sunrise Realty Trust Holdings I LLC ("Plaintiffs") as follows:

**NATURE OF ACTION**

1. Admitted.

2. Admitted, to the extent that it quotes language from the Guaranty, which speaks for itself. Otherwise denied.

3. Admitted, to the extent that Plaintiffs seek the relief described. Otherwise denied.

**PARTIES AND RELEVANT NON-PARTIES**

4. Defendant lacks sufficient knowledge or information to admit or deny.

5. Defendant lacks sufficient knowledge or information to admit or deny.

6. Admitted, to the extent that Defendant is a citizen of Texas and Defendant executed the Guaranty of Interest and Carry Costs. Otherwise denied.

7. Admitted, to the extent that Lex Avenue Hotel, LLC was the borrower ("Borrower") on the Loan. Otherwise denied.

## JURISDICTION AND VENUE

8. Admitted.

9. Admitted.

10. Admitted.

## THE LOAN DOCUMENTS

11. Admitted, to the extent that Exhibit A is a promissory note in the principal amount of $44,000,000.00. Otherwise denied.

12. Admitted, to the extent that Exhibit A is a Promissory Note, which speaks for itself. Otherwise denied.

13. Admitted, to the extent that Exhibit B is a Loan Agreement, which speaks for itself. Otherwise denied.

14. Admitted, to the extent that Exhibit C is a Pledge and Security Agreement, which speaks for itself. Otherwise denied.

15. Admitted, to the extent that Exhibit D is a Fee and Leasehold Deed of Trust, which speaks for itself. Otherwise denied.

16. This paragraph sets forth Plaintiffs' defined term and requires no response. The documents speak for themselves.

17. Defendant lacks knowledge or information to admit or deny.

18. Defendant lacks knowledge or information to admit or deny.

19. Defendant lacks knowledge or information to admit or deny.

20. Defendant lacks knowledge or information to admit or deny.

## RELEVANT TERMS OF THE NOTE AND LOAN AGREEMENT

21. Admitted, to the extent that it quotes language from the Replacement Promissory Notes attached as Exhibit G, which speaks for itself.

22. The Loan Agreement speaks for itself.

23. The Loan Agreement speaks for itself.

24. The Loan Agreement speaks for itself.

**THE GUARANTY**

25. Admitted, to the extent that Defendant executed the Guaranty attached as Exhibit H, which speaks for itself.

26. Admitted, to the extent that it quotes language in the Guaranty, which speaks for itself.

27. Admitted, to the extent that it quotes language in the Guaranty, which speaks for itself.

28. Admitted, to the extent that it quotes language in the Guaranty, which speaks for itself.

29. Admitted, to the extent that it quotes language in the Guaranty, which speaks for itself.

30. Admitted, to the extent that it quotes language in the Guaranty, which speaks for itself.

31. Admitted, to the extent that it quotes language in the Guaranty, which speaks for itself.

32. Admitted, to the extent that it quotes language in the Guaranty, which speaks for itself.

33. Admitted, to the extent that it quotes language in the Guaranty, which speaks for itself.

34. The Guaranty speaks for itself.

35. The Guaranty speaks for itself.

**BORROWERS' DEFAULT**

36. Admitted, to the extent that Borrower did not make certain payments on or about November 10, 2025. Otherwise denied.

37. Admitted to the extent that Borrower did not make certain payments. Otherwise denied.

38. Admitted to the extent that Borrower did not make certain payments. Otherwise denied.

39. Admitted to the extent that Exhibit I is a notice from Plaintiffs dated December 16, 2025, which speaks for itself. Otherwise denied.

40. The Guaranty speaks for itself. Otherwise denied.

41. Denied.

42. The Guaranty speaks for itself. Otherwise denied.

**FORECLOSURE SALE**

43. Defendant lacks sufficient knowledge or information to admit or deny.

44. Defendant lacks sufficient knowledge or information to admit or deny.

45. Defendant lacks sufficient knowledge or information to admit or deny.

46. Defendant lacks sufficient knowledge or information to admit or deny.

47. Defendant lacks sufficient knowledge or information to admit or deny.

48. Defendant lacks sufficient knowledge or information to admit or deny.

**GUARANTOR DEMAND AND AMOUNTS OWING**

49. Admitted.

50. Admitted, to the extent that Defendant did not make certain payments. Otherwise denied.

51. Denied.

52. Admitted, to the extent Exhibit K is a document that Plaintiffs prepared and assert reflects the amounts due under the Guaranty. Otherwise denied.

53. This is a legal conclusion to which no response is required. Otherwise denied.

54. Defendant lacks sufficient knowledge or information to admit or deny. Otherwise denied.

## FIRST CAUSE OF ACTION
## (Breach of Guaranty)

55. Defendant repeats and realleges each and every response to Paragraphs 1 through 54 as if fully set forth herein.

56. This is a legal conclusion to which no response is required. Otherwise denied.

57. This is a legal conclusion to which no response is required. Otherwise denied.

58. This is a legal conclusion to which no response is required. Otherwise denied.

59. This is a legal conclusion to which no response is required. Otherwise denied.

60. This is a legal conclusion to which no response is required. Otherwise denied.

61. Denied.

62. Denied.

Defendant denies all allegations not specifically admitted above, including the allegations and demands in Plaintiffs' prayer for relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred in whole or in part based upon documentary evidence.

3. Plaintiffs' claims are barred in whole or in part by payment.

4. Plaintiffs' claims are barred in whole or in part by breach of the covenant of good faith and fair dealing.

5. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

6. Plaintiffs' claims are barred in whole or in part because Plaintiffs did not sustain damages.

7. Plaintiffs' claims are barred in whole or in part due to failure of a condition precedent.

8. Plaintiffs have failed to properly calculate the Guaranteed Obligations as defined in Section 1.2 of the Guaranty.

9. Plaintiffs have overstated the damages claimed by improperly including expenses that post-date the foreclosure date.

10. Plaintiffs' claims are barred in whole or in part because the Guaranty is facially ambiguous.

11. Defendant reserves the right to assert additional affirmative defenses as discovery progresses and additional facts become known.

* * *

## <u>COUNTERCLAIMS</u>

Defendant/Counterclaim Plaintiff Roberto Castro Contreras ("Counterclaim Plaintiff"), by and through counsel, asserts Counterclaims against Plaintiffs/Counterclaim Defendants Southern Realty Trust Holdings LLC and Sunrise Realty Trust Holdings I LLC ("Counterclaim Defendants") and states as follows:

## <u>JURISDICTION AND VENUE</u>

1. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332(a). This Court also has supplemental jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367 because they arise from the same transaction or occurrence as Plaintiffs' claims.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

3. On or about July 31, 2024, Counterclaim Plaintiff executed a Guaranty for the benefit of nonparty Sunrise Realty Trust, Inc. and Counterclaim Defendant Southern Realty Trust Holdings LLC.

4. The Guaranty was executed in connection with a loan (the "Loan") made to Lex Avenue Hotel, LLC ("Borrower") and secured by real property located at 115 Lexington Avenue, San Antonio, Texas (the "Property"). The Guaranty references a promissory note in the maximum principal amount of $40,000,000. The Note attached as Exhibit A to the Complaint, however, reflects a principal amount of $44,000,000.

5. Section 1.2 of the Guaranty defines "Guaranteed Obligations" as, collectively, the payment in full, "after application of all Gross Income from Operations generated by the Property for the applicable period," of certain carry costs including taxes, insurance, operating expenses, and interest on the Loan.

6. Section 1.2 of the Guaranty further provides that the indebtedness guaranteed by Counterclaim Plaintiff "shall be deemed to be the last indebtedness which remains outstanding under the Loan Documents after the application of payments received from Borrower and the application of proceeds received from the foreclosure of the Security Instrument and other liquidation of any Collateral for the Loan."

7. Counterclaim Defendants proceeded with a non-judicial foreclosure sale of the Property on March 3, 2026.

8. At the foreclosure sale, Counterclaim Defendants were the sole bidder and acquired the Property pursuant to a credit bid of $40,584,215, equal to the the outstanding principal balance on the Loan at that time.

9. Upon information and belief, and as reflected in Plaintiffs' own calculations submitted as Exhibit K, Counterclaim Defendants either sold or intend to sell the Property for approximately $51,000,000, an amount over $10,000,000 more than their credit bid amount.

10. Counterclaim Defendants have demanded payment from Counterclaim Plaintiff of amounts they claim constitute Guaranteed Obligations, both prior to and in this litigation. Those demands were not calculated in accordance with the requirements of Section 1.2 of the Guaranty.

11. Counterclaim Defendants have not provided Counterclaim Plaintiff with an accounting of all Gross Income from Operations generated by the Property for the applicable period.

12. Counterclaim Defendants have not provided Counterclaim Plaintiff with financial records to demonstrate that the amount they seek from Counterclaim Plaintiff was calculated in accordance with Section 1.2 of the Guaranty.

13. Counterclaim Plaintiff presently has no access to any financial records concerning the Property.

14. All financial records concerning the Property are in the exclusive possession or control of Counterclaim Defendants and their agents.

15. Counterclaim Defendants' calculation of the Guaranteed Obligations includes 2026 property taxes and other expenses incurred after the Property's foreclosure sale.

## FIRST COUNTERCLAIM
## (Breach of Contract)

16. Counterclaim Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

17. Section 1.2 of the Guaranty defines "Guaranteed Obligations" and sets forth the specific conditions, limitations, and methodology for calculating Counterclaim Plaintiff's liability

under the Guaranty.

18. Counterclaim Defendants breached the Guaranty and the implied covenant of good faith and fair dealing by demanding payment of amounts that do not satisfy the requirements of Section 1.2.

19. As a direct and proximate result of Counterclaim Defendants' breach, Counterclaim Plaintiff has suffered damages in an amount to be determined at trial.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment)**

20. Counterclaim Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

21. An actual controversy exists between Counterclaim Plaintiff and Counterclaim Defendants regarding the proper calculation of "Guaranteed Obligations" under Section 1.2 of the Guaranty.

22. Counterclaim Plaintiff is entitled to a declaratory judgment determining the rights, obligations, and liabilities of the parties under the Guaranty.

**THIRD COUNTERCLAIM**
**(Accounting)**

23. Counterclaim Plaintiff realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

24. Under the Guaranty, Counterclaim Plaintiff's liability is expressly limited to amounts remaining "after application of all Gross Income from Operations generated by the Property for the applicable period."

25. Counterclaim Defendants are in exclusive possession of all financial records necessary to calculate the Guaranteed Obligations, and Counterclaim Plaintiff has no independent means of verifying whether Counterclaim Defendants properly applied Gross Income from

Operations or otherwise properly calculated the Guaranteed Obligations.

26. Counterclaim Plaintiff is entitled to an accounting from Counterclaim Defendants of all amounts relevant to the calculation of Guaranteed Obligations under Section 1.2 of the Guaranty.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiff respectfully requests that this Court enter judgment in his favor and against Counterclaim Defendants as follows:

1. On the First Counterclaim, awarding Counterclaim Plaintiff damages in an amount to be proven at trial, plus pre- and post-judgment interest;
2. On the Second Counterclaim, declaring the rights and obligations of the parties under the Guaranty, including a determination of the proper calculation of Guaranteed Obligations;
3. On the Third Counterclaim, ordering Counterclaim Defendants to provide a full and complete accounting of all Gross Income from Operations, Operating Expenses, reserve account balances, and all other amounts relevant to the calculation of Guaranteed Obligations under Section 1.2 of the Guaranty;
4. Awarding Counterclaim Plaintiff his reasonable attorneys' fees and costs incurred in this action; and
5. Granting such other and further relief as the Court deems just and proper.

Dated: July 31, 2026

Respectfully submitted,

*/s/ Harry Susman*
Harry Susman (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002

Telephone: (713) 651-9366
Facsimile: (713) 654-6666
hsusman@susmangodfrey.com

George El-Khoury
Kaholi Kiyonami (*pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
gel-khoury@susmangodfrey.com
kkiyonami@susmangodfrey.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on July 31, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

*/s/ Harry Susman*
Harry Susman