**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

SOUTHERN REALTY TRUST HOLDINGS LLC,
and SUNRISE REALTY TRUST HOLDINGS I LLC,

Civil Action No. 1:26-cv-04240-RA

*Plaintiffs*,

-against-

ROBERTO CASTRO CONTRERAS,

*Defendant*.

-------------------------------------------------------------------x

## STIPULATION AND PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

WHEREAS, the parties may produce in discovery nonpublic financial, business, commercial, or personal information for which protection from public disclosure and use for purposes unrelated to this action may be warranted; and

WHEREAS, the parties agree that a narrowly tailored protective order will facilitate discovery without altering the standards governing discovery, admissibility, sealing, or public access to judicial documents;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, subject to approval of the Court, and ORDERED that:

**1. Scope.** This Order governs documents, electronically stored information, testimony, and other information produced, disclosed, or generated in discovery in this action (collectively, "Discovery Material").

**2. Confidential Material.** A producing person may designate as "Confidential" only Discovery Material that the producing person reasonably and in good faith believes contains nonpublic financial information, business or commercial information, bank or account

information, personal information, or other information entitled to protection under Federal Rule of Civil Procedure 26(c). Confidential designations shall be limited to the portions of Discovery Material that qualify for such treatment.

**3. Manner of Designation.** A producing person may designate Discovery Material as Confidential by marking it "CONFIDENTIAL" before production. A producing person may designate deposition testimony as Confidential on the record or by written notice served within fourteen (14) days after receipt of the final transcript. Until that period expires, the entire transcript shall be treated as Confidential. A producing person that inadvertently fails to designate material may correct the designation by prompt written notice and, if applicable, by providing replacement copies bearing the designation.

**4. Permitted Use.** Confidential Material may be used solely for prosecuting, defending, appealing, or attempting to settle this action, and for no other business, commercial, competitive, personal, or other purpose.

**5. Permitted Disclosure.** Unless otherwise ordered by the Court or agreed in writing by the producing person, Confidential Material may be disclosed only to: (a) the Court and its personnel; (b) counsel of record and their employees who require access for this action; (c) the parties and their officers, directors, employees, or representatives who reasonably require access for this action; (d) experts, consultants, vendors, outside professionals, or service providers retained for this action, provided they first agree in writing to be bound by this Order; (e) court reporters, videographers, and their staff; (f) witnesses or prospective witnesses, but only to the extent reasonably necessary for this action and provided they are advised that the material is confidential; (g) the author, recipient, or prior lawful possessor of the material; and (h) any other person agreed to in writing by the producing person.

**6. Challenges to Designations.** A party may challenge a Confidential designation by written notice identifying the material and the basis for the challenge. The parties shall meet and confer in good faith. If the dispute is not resolved, the designating person may seek an appropriate protective order in accordance with the Court's Individual Rules, Local Rules and the Federal Rules of Civil Procedure. The material shall continue to be treated as Confidential until the dispute is resolved. The designating person bears the burden of establishing that the designation is proper.

**7. Filing with the Court.** Nothing in this Order authorizes the filing of any document under seal or in redacted form. A party seeking to file Confidential Material under seal or with redactions must comply with the Court's Individual Rules and applicable law governing public access to judicial documents. The designation of material as Confidential, standing alone, does not constitute sufficient grounds for sealing or redaction.

**8. Use at Hearings or Trial.** This Order does not govern the use of Confidential Material at any hearing or trial. A party seeking confidential treatment of material used at a hearing or trial must raise the issue with the Court sufficiently in advance to permit an appropriate ruling.

**9. No Admission or Waiver.** This Order does not constitute an admission that any material is relevant, discoverable, admissible, confidential, or entitled to protection, and does not waive any objection, privilege, protection, or right.

**10. Inadvertent Production.** The inadvertent production of material subject to the attorney-client privilege, work-product doctrine, or other applicable protection shall not constitute a waiver in this action or any other proceeding. Upon written notice of an inadvertent production, the receiving party shall promptly return, destroy, sequester, or otherwise handle the material as required by Federal Rule of Civil Procedure 26(b)(5)(B). Nothing in this paragraph limits any party's right to challenge the asserted privilege or protection.

**11. Subpoenas and Other Compulsory Process.** If a person receiving Confidential Material is served with a subpoena, court order, or other compulsory process seeking such material, that person shall, to the extent legally permitted, promptly notify the producing person and provide a copy of the process so that the producing person may seek protection. The receiving person shall not produce the Confidential Material before the time for seeking protection has expired, unless required by law or court order.

**12. Final Disposition.** Within sixty (60) days after final disposition of this action, including all appeals, each receiving party shall, upon written request of the producing person, return or destroy Confidential Material and certify compliance in writing. Counsel may retain archival copies of pleadings, motion papers, transcripts, correspondence, attorney work product, and one complete litigation file, all of which shall remain subject to this Order.

**13. Survival and Modification.** The obligations imposed by this Order survive the final disposition of this action. The parties may modify this Order only by written agreement approved by the Court or by further order of the Court. Nothing in this Order limits the Court's authority to modify it for good cause.

***[Remainder of page left intentionally blank; signatures on following page.]***

Case 1:26-cv-04240-RA Document 17 Filed 11/04/26 Page 5 of 5

Dated: New York, New York
November 4, 2026

**AKERMAN LLP**

By: /s/ Keith Blackman
Mark S. Lichtenstein
Keith Blackman
1251 Avenue of the Americas
37th Floor
New York, New York 10020
Telephone: (212) 880-3800

*Attorneys for Plaintiffs Southern Realty Trust Holdings LLC and Sunrise Realty Trust Holdings I LLC*

**SUSMAN GODFREY L.L.P.**

By: /s/ Harry P. Susman
Harry P. Susman
1000 Louisiana, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366

Geroge El-Khoury
Kaholi Kiyonami
One Manhattan West, 50th Floor
New York, New York, 10001
Telephone: (212) 336-8330

*Attorneys for Defendant Roberto Castro Contreras*

**SO ORDERED.**

Dated: November 5, 2026
New York, New York

**HON. RONNIE ABRAMS**
United States District Judge



89155459;1