SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
1000 LOUISIANA
SUITE 5100
HOUSTON, TEXAS 77002
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100

SUITE 3000
401 UNION STREET
SEATTLE, WASHINGTON 98101-2683
(206) 516-3880

ONE MANHATTAN WEST
NEW YORK, NEW YORK 10001-8602
(212) 336-8330

HARRY SUSMAN
DIRECT DIAL (713) 653-7875

E-MAIL HSUSMAN@SUSMANGODFREY.COM

November 8, 2026

**<u>VIA ECF</u>**

Hon. Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: *Southern Realty Trust Holdings LLC, et al. v. Contreras*, Case No. 1:26-cv-04240 (RA)

Dear Judge Abrams:

Defendant Roberto Castro Contreras respectfully submits this letter-motion, pursuant to Rule 1(D) of the Court's Individual Rules and Practices in Civil Cases and Local Civil Rule 7.1(e), requesting: (1) an extension of the November 9, 2026 deadline to complete fact discovery set by the Court's June 26, 2026 Case Management Plan and Scheduling Order (ECF No. 12), and (2) a schedule for expert discovery, which the Scheduling Order left to be determined. *See* ECF No. 12 ¶¶ 7, 9-10. A proposed Revised Scheduling Order is attached as **Exhibit 1**.

This is Defendant's first request for an extension of the fact discovery deadline, and no prior requests for adjournments or extensions have been made. Defendant conferred with Plaintiffs regarding this request during a November 6, 2026 meet

and confer. Plaintiffs stated that they oppose the requested relief because they oppose additional discovery and wish to proceed promptly to summary judgment.

## I. Background

This action arises out of a Guaranty of Interest and Carry Costs (the "Guaranty") executed by Defendant Roberto Castro Contreras in connection with a commercial real estate loan made by Plaintiffs. Plaintiffs commenced this action in New York state court by motion for summary judgment in lieu of complaint under CPLR § 3213, and Defendant removed it to this Court on May 20, 2026. ECF Nos. 1, 11 at 1-2.

The Court entered the Scheduling Order on June 26, 2026, before any complaint had been filed, setting a November 9, 2026 fact discovery deadline. ECF No. 12 ¶ 7. During the initial pretrial conference, the Court directed the parties to meet and confer and attempt to reach agreement on deadlines for interrogatories and depositions. The parties met and conferred on July 6, 2026, and Defendant made clear that he would not agree to forgo depositions. Plaintiffs said they would get back to Defendant regarding possible competing submissions to the Court, but did not.

Plaintiffs filed their Complaint on July 10, 2026, seeking "at least $5,327,408.48"—an amount that differs from the $6,728,313.11 sought in their state-court motion. ECF No. 13 ¶ 51; ECF No. 1. The pleadings did not close until August 21, 2026, less than three months before the fact discovery deadline. ECF Nos. 14, 15.

Defendant reviewed the documents Plaintiffs produced with their initial disclosures and, while settlement discussions were ongoing, informed Plaintiffs they were insufficient for Defendant to evaluate the claimed amount. When Plaintiffs did not adequately supplement, Defendant served requests for production on October 5, 2026, seeking the underlying documents needed to calculate any liability. ECF No. 12 ¶¶ 6, 8(a).

Plaintiffs' responses were not due until November 5, 2026, and the protective order was not entered until that day. ECF Nos. 17, 19. Plaintiffs served their responses and a production on November 5, but objected to and withheld most responsive documents, stating that documents subject to their general objections "will not be produced," without specifying whether any responsive materials were in fact being withheld, as Rule 34(b)(2)(C) requires. Pls.' Objs. & Resps. to Def.'s First RFPs (**Exhibit 2**), Gen. Obj. ¶ 7. At the November 6 meet and confer, Plaintiffs ultimately agreed to produce some additional responsive documents, which they have not yet produced.

Because Plaintiffs' produced records and documents do not support the amounts claimed, Defendant noticed a Rule 30(b)(6) deposition on November 4, 2026, for November 9, and offered to discuss a mutually agreeable date through either remote

or in-person attendance. The next day, Plaintiffs informed Defendant that they will not produce a witness.

## II. Good Cause Exists for Defendant's Requested Relief

**Fact Discovery:** A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). That standard is satisfied: Defendant has been diligent, and the November 9 fact discovery deadline cannot be met because of Plaintiffs' conduct.

Defendant has made diligent efforts to press for the necessary discovery at every turn. Despite that diligence, fact discovery cannot be completed by November 9 because Plaintiffs have not produced the documents necessary for Defendant to evaluate the core issues in this case: what, if anything, he owes under the Guaranty. Defendant's liability is limited to the "Guaranteed Obligations,"[1] which incorporate numerous defined terms, many of which turn on the Hotel's financial performance. Yet Plaintiffs have produced incomplete income statements and nothing accounting for the large cash balance they acquired from the Hotel or the proceeds of its subsequent sale.

After reviewing Plaintiffs' initial production, and while settlement discussions were ongoing, Defendant informed Plaintiffs that the production was insufficient to evaluate the claimed amount. Plaintiffs did not adequately supplement voluntarily, so Defendant served targeted requests for production on October 5. Plaintiffs responded on November 5 and withheld responsive documents, citing defective objections.

Plaintiffs' objections confirm that core documents have been withheld. RFP No. 2 sought the documents supporting the $5,327,408.48 claimed in Exhibit K to the Complaint. ECF No. 13-11. Plaintiffs objected that, "[t]o the extent Defendant seeks further backup concerning the precise amount of damages ultimately recoverable," such discovery is "premature and should be addressed, if necessary,

---

[1] "Guaranteed Obligations" is defined as "the payment in full, after application of all Gross Income from Operations generated by the Property for the applicable period, of all Taxes, Insurance Premiums, Other Charges, Operating Expenses, required Reserve Account deposits, interest due and payable on the Loan, any Projected Interest Shortfall due and payable from Borrower in accordance with Section 7.2.4 of the Loan Agreement, and all other operating expenses to the extent not described above, in each case to the extent necessary to own and operate the Property." Guaranty § 1.2. "Guaranteed Obligations" uses capitalized terms defined in the Guaranty or the Loan Agreement, which Defendant has compiled in **Exhibit 3**. *See* Guaranty, Recital D ("All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Loan Agreement.").

following determination of liability." Ex. 2, Resp. to RFP No. 2; *see also id.*, Resp. to RFP No. 3. That objection has no basis. The Court has not bifurcated discovery, and the Scheduling Order sets a single fact discovery deadline for all issues. ECF No. 12 ¶ 7. Where "[n]o bifurcation of liability and damages issues has been ordered," the "parties must comply with that discovery deadline, and defendants certainly have the right to conduct discovery with respect to individual damages in order to prepare for trial." *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 452 (S.D.N.Y. 1995); *see also Briggs & Stratton Corp. v. Chongqing RATO Power Co.*, No. 5:13-CV-316 LEK/ATB, 2013 WL 5963151, at *6 (N.D.N.Y. Nov. 7, 2013) (describing "the usual burden in civil litigation of conducting discovery with respect to both liability and damage issues."); *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 368 (S.D.N.Y. 2010). Damages are an element of Plaintiffs' claim on which they bear the burden of proof. *Fed. Home Loan Mortg. Corp. v. GW Real Est. Partners, LLC*, No. 26-CV-407 (BMC), 2026 WL 2409382, at *4 (E.D.N.Y. Aug. 18, 2026) ("To establish a claim for breach of an unconditional guaranty, a plaintiff must prove '(1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages.'" (quoting *Wells Fargo Bank, N.A. v. 840 Westchester Ave. NMA, LLC*, 786 F. Supp. 3d 586, 598 (S.D.N.Y. 2025))).

These withheld records are also directly responsive to the central question of liability. The Guaranty reaches only certain costs remaining "after application of all Gross Income from Operations generated by the Property for the applicable period." Guaranty § 1.2. Yet Plaintiffs' calculation simply "assume[s]" there is "no available property-level revenue." ECF No. 13-11 at 2. Whether any "Guaranteed Obligations" arose depends on the very records that Plaintiffs have refused to produce. *See White Oak Glob. Advisors LLC v. Clarke*, 793 F. Supp. 3d 490, 496 (S.D.N.Y. 2025) ("[T]he terms of a guaranty are to be strictly construed, and a guarantor should not be found liable beyond the express terms of the guaranty."); *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Tr. Co. of Chicago*, 93 F.3d 1064, 1073 (2d Cir. 1996).

Closing fact discovery on November 9 would leave these gaps—caused by Plaintiffs' deficient productions—unresolved. Plaintiffs have agreed to make a supplemental production, which is unlikely to arrive until after the close of fact discovery, and the parties cannot cure that by agreement, because joint extensions are permitted only "provided that the parties meet the deadline for completing fact discovery." ECF No. 12 ¶ 8; *see* Fed. R. Civ. P. 29(b). Moreover, once Defendant receives the information, it will take some time to analyze it. For example, the "Gross Income from Operations" and "Operating Expenses" are determined based on GAAP and the Uniform System of Accounts for Hotels, and thus Defendant may need to consult an accounting expert to evaluate whether Plaintiffs' financials were prepared accordingly—so far, Plaintiffs have provided only what appear to be informal accounting records. Plaintiffs also refuse to produce a Rule 30(b)(6) witness, though Defendant noticed that deposition only because Plaintiffs' production did not support the amounts claimed. Defendant does not ask the Court to resolve these potential discovery disputes now because Plaintiffs' forthcoming

production may moot them. But because the Scheduling Order sets no separate deadline for motions to compel, Defendant needs time to review and analyze that production and, if necessary, seek relief on his requests for production or the deposition.

Nor will Plaintiffs suffer any prejudice: this is Defendant's first extension request, no trial date has been set, and the requested extension is modest. And notwithstanding Plaintiffs' desire to move promptly for summary judgment, allowing Defendant to obtain the necessary discovery now will avoid a premature motion on an incomplete record. *See Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016) ("[C]ourts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete.").

**Expert Discovery:** The Scheduling Order left the deadline for expert discovery to be determined. ECF No. 12 ¶¶ 9-10. Defendant anticipates retaining an accounting expert to analyze and interpret the Hotel's financial records—including its income statements, operating expenses, reserve and cash accounts, and sale proceeds—consistent with hotel industry accounting standards, such as the Uniform System of Accounts for Hotels, to determine whether, and to what extent, any "Guaranteed Obligations" remain after application of "Gross Income from Operations." That analysis cannot meaningfully begin until Plaintiffs complete their production of the underlying requested records. Defendant therefore requests that expert discovery proceed following the close of fact discovery and conclude 60 days thereafter. *See* ECF No. 11 at 3. Alternatively, Defendant respectfully requests that the Court set the expert discovery schedule at the post-fact discovery conference.

## III. Proposed Revised Scheduling Order

For the reasons stated above, Defendant respectfully proposes that the Court enter the proposed Revised Scheduling Order attached as **Exhibit 1** to (1) extend the deadline to complete fact discovery to **January 8, 2027**, which accounts for the upcoming holidays; and (2) set the deadline to complete expert discovery as **March 9, 2027**.

* * *

Respectfully submitted,

SUSMAN GODFREY L.L.P.

/s/ *Harry Susman*
Harry Susman

*Counsel for Defendant*

cc: All Counsel of Record (via ECF)