akerman

Keith Blackman

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

D: 212 259 6434
T: 212 880 3800
keith.blackman@akerman.com

November 16, 2026

**VIA ECF**

Honorable Ronnie Abrams
United States District Judge for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: Southern Realty Trust Holdings LLC, *et al*. v. Contreras**
**26 Civ 04240 (RA)**

Dear Judge Abrams:

We represent Plaintiffs Southern Realty Trust Holdings LLC and Sunrise Realty Trust Holdings I LLC ("Plaintiffs") in the above-captioned action. We write in opposition to Defendant Roberto Castro Contreras's ("Defendant's") November 8, 2026 letter-motion [ECF No. 21] seeking to amend the Case Management Plan and Scheduling Order [ECF No. 12], which this Court entered nearly five months ago, by extending fact discovery into next year and establishing an additional period for expert discovery. Among other things, Defendant seeks the additional time to pursue a Rule 30(b)(6) deposition.

This is a narrow, document-driven guaranty action. As Plaintiffs have maintained from the outset, it is appropriate for prompt summary adjudication with limited discovery. Plaintiffs' claims are principally for unpaid interest and fees due under the Loan Documents and property taxes covered by the Guaranty. The remaining disputes concern (1) whether Plaintiffs can substantiate the amounts claimed, and (2) whether Gross Income from Operations was insufficient to satisfy the applicable Guaranteed Obligations. Defendant does not appear to disagree: the additional discovery Defendant seeks—whether in the form of document, deposition, or expert discovery—is directed solely to the calculation and substantiation of Plaintiffs' claimed damages, not to any threshold issues of the enforceability of the Guaranty, Borrower's default, Plaintiffs' demand, or Defendant's nonpayment.

**Good Cause Standard**. Defendant bears the burden of demonstrating good cause to modify the Court's Scheduling Order under Rule 16(b)(4) of the Federal Rules of Civil Procedure. In the Second Circuit, good cause depends principally on the diligence of the party seeking modification. *See Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000) ("A finding of 'good cause' depends on the diligence of the moving party.").

Here, Defendant cannot make the required showing. The Court entered the Scheduling Order in June, setting October 5 as the deadline for initial document requests and November 9 as the close of fact discovery. Defendant waited until October 5, the last day permitted by the Scheduling Order, to serve his first document requests, necessarily leaving the responses and resulting production until the final days of fact discovery. Plaintiffs, by contrast, sought no extension of their response deadline, served timely responses, and produced responsive documents notwithstanding the compressed schedule Defendant himself created. Defendant's own decision to defer discovery until the end of the period does not constitute good cause to extend the schedule now.

**Document Discovery.** Plaintiffs have produced substantial financial information addressing both remaining issues: substantiation of Plaintiffs' claimed Guaranteed Obligations and the insufficiency of Gross Income from Operations to satisfy them. With their Initial Disclosures, Plaintiffs voluntarily produced the financial information supporting their calculation of the Guaranteed Obligations. Defendant's suggestion that Plaintiffs thereafter failed to "adequately supplement" that production is incorrect. Defense counsel requested additional information prior to engaging in settlement discussions, and Plaintiffs provided it. During the ensuing settlement discussions, occurring principally between the parties' business representatives, Defendant's counsel identified specific additional documents or explanations it wished to receive, and Plaintiffs promptly provided them.

Defense counsel did not, however, advise Plaintiffs' counsel that they considered the supplemented production inadequate before serving Defendant's October 5 document requests. Defense counsel timely provided responses and objections to those requests.

At the November 6 meet and confer, which defense counsel requested, defense counsel identified specific documents they contended Plaintiffs still owed. Plaintiffs provided those documents on November 12. Defense counsel has not directly raised any concern about that production with Plaintiffs' counsel since then, other than in the parties' November 13 joint letter. There, Defendant contends for the first time that the supplemental production largely duplicates prior materials and lacks bank statements, wire confirmations, invoices, and general-ledger entries supporting disbursements of Hotel operating cash. [ECF No. 23 at 3.] But Defendant does not explain why transaction-level backup for each disbursement is needed to resolve whether Gross Income from Operations was insufficient to satisfy the Guaranteed Obligations, nor why the parties require two more months of fact discovery. Despite the lack of a genuine document-production dispute, Defendant seeks to transform Plaintiffs' continued cooperation in providing supplemental materials into a basis for substantially expanding the nature and duration of discovery.

**Depositions.** Nor is there good cause now to commence deposition discovery. The issue was expressly raised at the June 26 initial conference: Plaintiffs maintained that depositions were unnecessary given the document-focused nature of this guaranty-enforcement action; Defendant disagreed; and the Court left depositions "to be determined," while establishing November 9 as the deadline for completion of all fact discovery. Defendant then did not pursue a deposition or otherwise raise the issue for more than four months. He served his Rule 30(b)(6) notice on

November 4, for a deposition on November 9, the last day of fact discovery. Nothing that has occurred during the ensuing discovery period makes depositions more necessary today than they were then. To the contrary, Defendant's notice seeks testimony principally concerning the same damages calculations and financial information already addressed through document discovery.

**Expert Discovery**. Finally, Defendant's request for expert discovery has even less justification. No expert discovery was authorized in the Scheduling Order, which likewise left that issue "to be determined." Although Defendant suggests that consultation with an expert may be useful in analyzing the Property's financial records, he does not explain why resolution of the disputed issues requires expert testimony concerning those records, rather than ordinary documentary proof and application of the Guaranty's contractual definitions. Nothing in this straightforward contractual dispute warrants adding months of expert discovery and the attendant significant expense at this stage.

**Summary Judgment.** Plaintiffs are prepared to move promptly for summary judgment upon the close of fact discovery. Although the Court has not formally bifurcated liability and damages, the additional discovery Defendant seeks is directed only to the calculation and substantiation of the amount recoverable, rather than to liability issues. To the extent the Court concludes on summary judgment that Plaintiffs have established liability but that additional proceedings are necessary to determine the precise amount recoverable, those issues can be addressed at that time. Fed. R. Civ. P. 56(g); *Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698, 705 (S.D.N.Y. 2016) (court may grant summary judgment with respect to liability and leave open issue of damages); *Int'l Knitwear Co. v. M/V ZIM CANADA*, 1994 WL 924203, at *6 (S.D.N.Y. Oct. 6, 1994) (granting summary judgment as to liability but not damages on all claims, and referring the case for an inquest into damages). The possibility of such a damages inquiry does not justify postponing resolution of the threshold issues or commencing months of additional deposition and expert discovery now.

Accordingly, Plaintiffs respectfully request that the Court deny Defendant's request to modify the Scheduling Order. If the Court deems it beneficial to have further argument with respect to this issue, Plaintiffs respectfully submit that the parties can address these issues at the November 20 conference.

Respectfully submitted,

/s/ Keith Blackman

Keith Blackman

cc: Counsel of record (via ECF)